# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DANIEL JAMES SILVA,**

      **Plaintiff,**

**vs.**                                                              **Case No. 4:21cv24-MW-MAF**

**VENERABLE LLC, et al.,**

      **Defendants.**

**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in January 2020, ECF Nos. 1-2, but ruling on Plaintiff's in forma pauperis motion, ECF No. 2, was deferred. ECF No. 6. Plaintiff has now filed an amended in forma pauperis motion, ECF No. 11, which has been reviewed.

First, this is not the only case Plaintiff has recently filed. He is now pursuing two additional cases in this Court: case number 4:21cv49 and case number 4:21cv95. Furthermore, Plaintiff has filed numerous cases during the past two years:

6:19cv384 (Florida Middle District Court), filed 02/27/2019

3:19cv354 (Florida Middle District Court), filed 02/27/2019

3:20cv1343 (Florida Middle District Court), filed 11/27/2020

4:19cv286 (Florida Northern District Court), filed 06/21/2019

4:19cv290 (Florida Northern District Court), filed 06/21/2019

4:21cv95 (Florida Northern District Court), filed 02/16/2021

3:20cv938 (Tennessee Middle District Court), filed 10/28/2020

The filing of so many cases demonstrates that Plaintiff would not face financial hardship if he were required to pay the filing fee to proceed with this case, notwithstanding that he has already been granted in forma pauperis status in the second case he filed in this Court.

Judicial notice is taken that Plaintiff reports in this case that he works as a driver for Door Dash with monthly earnings between $600 and $800. ECF No. 11.  The address provided for that employer was 901 Mullet Street, with no city listed.  *Id.* at 3.  However, in case number 4:21cv49, Plaintiff stated that he worked for Door Dash, earning $800 a month, and listed the employer's address as "303 2nd Street 800" in San Francisco. ECF No. 6 at 3, case # 4:21cv49.  The inconsistent information provided, just 10 days apart, is concerning.  Moreover, it does not appear that Plaintiff has accurately demonstrated his financial ability.

First, judicial notice is taken that Plaintiff paid the $400.00 filing fee when pursuing case number 4:19cv290-AW-CAS.  He also paid the filing fee at the time of case initiation for case number 4:19cv286-RH-MJF.  Moreover, Plaintiff paid the filing fee for case number 3:20cv810 (filed in the Middle District of Tennessee) on October 21, 2020.  ECF No. 13 of that case.  Thus, it is unclear why Plaintiff is unable to do so for this case.

Second, Plaintiff is now simultaneously litigating three cases in this Court -  4:21cv24, 4:21cv49, and 4:21cv95.   Plaintiff is mailing documents from North Carolina, using certified priority mail.  That process is not inexpensive.[1]  Indeed, separate mailings for numerous cases adds up; that is especially true for a person who reports only $600-$800 of monthly income.  Furthermore, Plaintiff is mailing a considerable amount of paper as noted below.

---

[1] Plaintiff's recent certified mail cost $11.55.   ECF No. 13.  His case initiating mailing was sent UPS, and although the cost is not listed, Plaintiff mailed some 80 pages of materials.  ECF Nos. 1-2.  In Plaintiff's second case filed in this Court, he mailed nearly 100 pages.  ECF Nos. 1-2 of case # 4:21cv49-WS-MAF.  Those mailing costs for priority mail were another $11.55.  ECF No. 1 at 91 of case 4:21cv49.  Judicial notice is also taken of the fact that Plaintiff mailed a 122-page complaint to the Middle District of Tennessee in case number 3:20cv810, and a 51-page complaint to the Middle District of Florida in case number 3:20cv1343-HES-PDB.  Such costs are not inexpensive.

Additionally, Plaintiff has thus far refused to provide his residential address in either this case or his second pending case.[2]  Within a notice Plaintiff submitted with his complaint, Plaintiff stated: "I will not disclose the address I live at" because Taylor "Swift has many crazy fans as shown below."  ECF No. 12 at 2.  He also said he did not want "corrupt judges" and "metro cops" to have his address.  *Id.* at 3.  Plaintiff said: "my home address is not needed to grant me pauper status which I have already been declared."  ECF No. 12 at 4.

Plaintiff is incorrect in his conclusion.  A plaintiff's ownership of property is relevant to determining whether a plaintiff should be granted in forma pauperis status.  Plaintiff has stated that he rents property, and he provided a post office box in Colfax, N.C. as his address.  ECF No. 11 at 2. Although a party may certainly use a postal box as a mailing address, the address is not appropriately used if a party is seeking to hide assets to avoid paying the Court's filing fee.

---

[2] In case number 4:21cv49, Plaintiff said he could not provide the address where he resides due to the high profile nature of the Defendant.  ECF No. 6 at 5.  That is not a sufficient reason to fail to provide Plaintiff's address.

Judicial notice is taken that Daniel Silva owns residential property in Greensboro, North Carolina,[3] and has owned that property since February 5, 2015.  Additionally, Daniel Silva owns residential property in Winston Salem, North Carolina, and has owned it since February 2, 2006.  In light thereof, and because Plaintiff has not demonstrated that he is financially unable to pay the filing fee for this case, it is recommended that his motion for in forma pauperis status, ECF No. 11, be **DENIED**.

Furthermore, Plaintiff previously brought an action in this Court against Taylor Swift, her management company, and her attorney.  *See* case 4:19cv290-AW-CAS.  After entry of a Report and Recommendation to dismiss that case, ECF No. 27, Plaintiff filed a "motion to dismiss," ECF No. 28, seeking to voluntarily dismiss that case without prejudice.  *Id.* at 5.  Plaintiff's motion was construed as a Rule 41(a) notice of voluntary dismissal and was granted.  ECF No. 29 of case # 4:19cv290.  In addition, Plaintiff filed case number 3:17cv292-HES-MCR in the Middle District of Florida.  He also voluntarily dismissed that case.  ECF No. 24 of that case.

---

[3] To protect Plaintiff's privacy, the exact residential addresses will not be provided.

Case No. 4:21cv24-MW-MAF

Rule 41(d) provides that when "a plaintiff who previously dismissed

an action in any court files an action based on or including the same claim

against the same defendant, the court: (1) may order the plaintiff to pay all

or part of the costs of that previous action; and (2) may stay the

proceedings until the plaintiff has complied."  Fed. R. Civ. P. 42(d).

Because Plaintiff is now attempting to proceed with this case, and it is

based on the same claims raised in case number 4:19cv290 as well as the

same parties,[4] Plaintiff should be required to pay the $402.00 filing fee if he

desires to proceed with this case.

In concluding, a word of caution is warranted.  Until a ruling is

entered on this Report and Recommendation which concerns only

Plaintiff's in forma pauperis motions, ECF Nos. 2 and 11, no further action

will be taken concerning Plaintiff's recently submitted amended complaint,

ECF No. 13.[5]  Notably, Plaintiff previously filed a motion in this case, ECF

---

[4] Plaintiff's amended complaint named the following as Defendants: Taylor Alison Swift, TAS Rights Management, Doug Baldridge, Katie Wright Morrone, and Veneble LLP.  ECF No. 25 at 9 (case # 4:19cv290).  Plaintiff's case in the Middle District was brought only against Taylor Swift.  (3:17cv292).

[5] Plaintiff's amended complaint was signed on February 8, 2021, *see* ECF No. 13 at 24, which was the day before the Order, ECF No. 10, was entered.  Thus, at the time Plaintiff submitted his amended complaint, he had not yet received the Order which warned Plaintiff that he could not violate Judge Hinkle's Order.

Case No. 4:21cv24-MW-MAF

No. 7, seeking to add two parties (Taylor Alison Swift and James Douglas Baldridge) to this action.  Plaintiff's motion was granted, ECF No. 9, but then vacated four days later.  *See* ECF No. 10.  By deferring review of Plaintiff's recently submitted amended complaint, Plaintiff is hereby provided an opportunity to withdraw the amended complaint, ECF No. 13, or file a second amended complaint which does not violate the Order entered on June 18, 2020, by United States District Judge Robert L. Hinkle in case number 4:19cv286-RH-JF.  ECF No. 118 of case # 4:19cv286.  Plaintiff is warned that if he violates Judge Hinkle's Order and injunction,[6] he may be held in contempt of court and subject to criminal sanctions.

## **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions for in forma pauperis status, ECF Nos. 2 and 11,  be **DENIED** and Plaintiff be **REQUIRED** to pay the $402.00 filing fee within fourteen (14) days of the Order entered on this Report and

---

[6] Judge Hinkle enjoined Plaintiff from filing a "lawsuit, petition, motion, or other claims against the defendants Taylor Alison Swift, TAS Rights Management LLC, or James Douglas Baldridge, in any court, unless the complaint initiating the lawsuit, petition, motion, or other claims is signed by an attorney."

Case No. 4:21cv24-MW-MAF

Recommendation.  It is further **RECOMMENDED** that this case be

**REMANDED** for further proceedings.

  **IN CHAMBERS** at Tallahassee, Florida, on February 18, 2021.


    s/ Martin A. Fitzpatrick    
    **MARTIN A. FITZPATRICK**
    **UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

   **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**